UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LAMB

        Plaintiff,

v

WILLIAMSTON COMMUNITY SCHOOLS

        Defendant.
_____/

Case No. 1:13-cv-00876

Hon. Paul L. Maloney

Robert G. Fleming (P44610)
Attorney for Plaintiff
148 East Grand River, Suite 106
Williamston, Michigan 48895
(517) 203-1100

Roy H. Henley (P39921)
Jennifer K. Johnston (P74093)
Ryan J. Nicholson (P75532)
Thrun Law Firm, P.C.
Attorneys for Defendant
P.O. Box 2575
East Lansing, Michigan 48826-2575
(517)-484-8000
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Williamston Community Schools, through its undersigned counsel, answers Plaintiff's Complaint as follows:

1.    Defendant is a School District operating in the County of Ingham, State of Michigan.

**ANSWER:**

Admitted.

2. Plaintiff is, and has been a resident of Ingham County at all times pertinent to this complaint.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 2.

3. Plaintiff was employed by Defendant, as an hourly employee, in the Williamston Community School District's Fitness Center, at all times pertinent to this complaint.

**ANSWER:**

Admitted.

4. Plaintiff was at all times pertinent to this complaint, nominally an employee of PCMI, nominally as a custodian. Although he was called a custodian while paid by PCMI, his job duties and location remained identical to those as while titled a Williamston Community School District employee.

**ANSWER:**

Defendant admits that Plaintiff was employed by PCMI as a custodian. Defendant denies as untrue the remaining allegations in paragraph 4.

5. Plaintiff worked a combined total in excess of 50 hours per week for both employers.

**ANSWER:**

Defendant denies as untrue the allegation in paragraph 5.

6. Although Plaintiff allegedly worked for two separate employers, his actual job duties and work location remained identical.

**ANSWER:**

Defendant denies as untrue the allegations contained in paragraph 6.

7. Plaintiff reported to and was directly supervised by an employee of the Defendant, Williamston Community Schools, regardless if he was being paid by PCMI or the School District.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 7.

8. Plaintiff also worked many additional hours for the Williamston Community Schools, which were not documented at the direction of his supervisor.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 8.

9. Plaintiff was not paid at an overtime rate for the documented hours he worked in excess of 40 hours per week for the combined employers.

**ANSWER:**

Defendant denies the allegations in paragraph 9, as they are overly broad and inaccurate legal conclusions based upon untrue allegations.

10. Plaintiff was not paid at all for the undocumented hours he worked for Williamston Community Schools.

**ANSWER:**

Defendant denies as untrue the allegations contained in paragraph 10 to the extent to that it alleges Plaintiff worked hours that are not evidenced by documentation.

11. Several other employees at the Fitness Center have been treated in the same manner.

**ANSWER:**

Defendant neither admits nor denies the allegations in paragraph 11, as they are too vague to permit a reasoned response. In further response, Defendant denies it has violated any laws or regulations.

12. The Defendant's scheme of paying the Plaintiff through two different entities was a willful and deliberate attempt to circumvent the Fair Labor Standards Act.

**ANSWER:**

Defendant denies as untrue the allegations contained in paragraph 12.

13. In early 2013, the Defendant revised its policy and advised the other employees it would no longer allow them to work for both PCMI and the School District, as that employment made the School District liable for overtime wages.

**ANSWER:**

Defendant admits that it has prohibited its employees from working for PCMI or any other third party at the Defendant's premises. Defendant neither admits nor denies the remaining allegations in paragraph 13, as they are overly broad and inaccurate legal conclusions.

14. The Superintendent of the Defendant, Williamston Community Schools, acknowledged on more than one occasion, that the Plaintiff was not being properly compensated by Defendant, Williamston Community School District, and that the records concerning his hours of employment were not accurate.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 14.

15. The Defendant subsequently paid all other employees but Plaintiff for the previously unpaid hours.

**ANSWER:**

Defendant neither admits nor denies the allegations in paragraph 15, as they are too vague to permit a reasoned response. In further response, Defendant denies it has violated any laws or regulations.

16. Plaintiff filed a complaint with the United States Department of Labor regarding his treatment and lack of payment by the Defendant.

**ANSWER:**

Admitted.

17. The Department of Labor specifically determined that Plaintiff's employment did not qualify as dual employment status.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 17.

18. As a result of his complaint, and the United States Department of Labor's involvement, the Defendant paid the Plaintiff approximately 2 years of back wages.

**ANSWER:**

Admitted. In further response, Defendant denies that such payment constituted any admission of culpability for overtime or that Defendant and PCMI were joint employers of Plaintiff.

19. Although the Defendants have failed to properly pay for more than four years, the Department of Labor, by administrative rule, only sought repayment of the last two years wages.

**ANSWER:**

Defendant neither admits nor denies the allegations regarding the Department of Labor's motivations or reasoning, as it has insufficient information to form a belief as to their truth. Defendant denies as untrue the remaining allegations in paragraph 19.

20. Plaintiff has not been paid for all the back pay he is entitled to.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 20

21. Because of the Defendant's willful disregard and violation of the Fair Labor Standards Act, the two year statute of limitations does not apply, rather pursuant to §255(a) of the Act the statute of limitations extends to three years from the time Plaintiff knew of the violation, and Plaintiff is entitled to the remainder of his unpaid wages.

**ANSWER:**

Defendant denies as untrue the allegations in paragraph 21, as they are overly broad and inaccurate legal conclusions based upon untrue factual allegations.

WHEREFORE, Defendant Williamston Community Schools respectfully requests that this Court dismiss Plaintiff's claims in their entirety and with prejudice. Defendant further requests an award of costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

Defendant Williamston Community Schools, through its undersigned counsel, asserts the following affirmative defenses to Plaintiff's Complaint:

1. Plaintiff has failed to state claims for which relief can be granted, as a matter of fact and/or law.

2. Defendant acted in good faith.

3. Plaintiff's claims may be barred by waiver and release.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiff's claims are moot.

7. Plaintiff's claims are barred, in whole or in part, by applicable limitations period(s).

8. Plaintiff has failed to mitigate his damages, if any.

9. Defendant reserves the right to amend its affirmative defenses, as additional defenses become known during the course of the investigation and/or discovery.

WHEREFORE, Defendant Williamston Community Schools respectfully requests that this Court dismiss Plaintiff's claims in their entirety and with prejudice, and provide it an award of costs and reasonable attorney fees

                                    Respectfully submitted,

                                    THRUN LAW FIRM, P.C.,
                                    Attorneys for Defendant

Dated: August 20, 2013              /s/ Roy H. Henley
                                    Roy H. Henley (P39921)
                                    Thrun Law Firm, P.C.
                                    2900 West Road, Ste. 400
                                    P.O. Box 2575
                                    East Lansing, Michigan 48826-2575
                                    (517) 374-8864
                                    Email: rhenley@thrunlaw.com

w:\wdsystem\wddocs\cliedoc\9\56\00903633.docx